J. H. COOK et al. v. STATE.

No. A-3188. Opinion Filed April 17, 1919.

(179 Pac. 624.)

Appeal from District Court, Garfield County;

J. C. Robberts, Judge.

J. H. Cook and E. J. Brown were convicted of a felony, and they appeal. Reversed.

E. C. Patton, for plaintiffs in error.

The Attorney General and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiffs in error, J. H. Cook and E. J. Brown, were jointly tried and convicted in the district court of Garfield county of keeping a place in the city of Enid with the felonious intent and purpose of selling intoxicating liquor. To reverse the judgments rendered on the verdict, they appealed.

In the case of Proctor v. State, 15 Okla. Cr. 338, 176 Pac. 771, the statute upon which this proescution is based was held unconstitutional and void. For the reasons stated in the opinion in that case, the judgments are reversed.

---

ROY ROSE v. STATE.

No. A-3224. Opinion Filed April 19, 1919.

Appeal from County Court, Atoka County;

W. M. Rainey, Judge.

Roy Rose was convicted of the crime of conveying intoxicating liquor, and his punishment fixed at a fine of $100 and confinement in the county jail for a period of sixty days, and he appeals. Affirmed.

PER CURIAM. Roy Rose was convicted of the crime of conveying intoxicating liquor, and his punishment fixed as above stated.

This appeal has been pending in this court since the 12th day of December, 1917. No brief has been filed in behalf of plaintiff in error. and no appearance was made to orally argue the cause at the time same was submitted.

Rule IX of this court provides:

"When no counsel appears, and no briefs are filed, the court will examine the pleadings, the instructions of the court and the exceptions taken thereto, and the judgment and sentence, and if no prejudicial error appears, will affirm the judgment."

After an examination of the entire record, including a transcript of the evidence, the court finds that no prejudicial error occurred during the progress of the trial sufficient to authorize a reversal of this judgment, and the same is, therefore, affirmed.